## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

TERE ANN GERARDINO,                    )
                                       )
              Plaintiff,         )
                                       )
      v.                               )
                                       )     CIVIL NO. 2008-0016
TPVI LTD.,                             )
                                       )
              Defendant.         )
_____)

## MEMORANDUM OPINION

Finch, Senior District Judge

THIS MATTER comes before the Court on the Motion for Reconsideration of Order

Compelling Arbitration filed by Plaintiff Tere Ann Gerardino.  The Court ordered arbitration

after noting that the Employee Agreement that Gerardino entered into with Tiger St .Croix

Construction [hereinafter "Tiger"] names as third-party beneficiaries "HOVENSA, LLC . . . and

its . . . agents."  Employee Agreement, ¶ 12.   The Court observed that Defendant TPVI LTD. has

acted as an agent of HOVENSA, L.L.C [hereinafter "HOVENSA"].  Based on these two facts,

the Court granted the Motion to Compel Arbitration.

In her Motion for Reconsideration, Gerardino contends that her cause of action against

TPVI is not connected to TPVI's agency relationship with HOVENSA.  According to Gerardino,

TPVI's tortious conduct occurred when TPVI was acting in the capacity of an independent

contractor.  TPVI responds by discussing HOVENSA's control of the jobsite, which the Court

interprets as TPVI's position that TPVI was acting as HOVENSA's agent and not as an

independent contractor when the alleged tortious conduct occurred.

The threshold question is whether the third-party beneficiary provision in the Tiger-Gerardino Employment Agreement includes HOVENSA's agents as intended beneficiaries without limitation or only when they are acting within the scope of the agency relationship.   This question is one of contract interpretation to which the Court applies territorial law.  See Blair v. Scott Specialty Gases, 283 F.3d 595, 603 (3d Cir. 2002) (stating that "[a] federal court must generally look to the relevant state law on the formation of contracts to determine whether there is a valid arbitration agreement").

The provision in issue reads, in its entirety:

> ln addition, Employee specifically agrees that all claims Employee may have against HOVENSA, LLC., its members, shareholders, or subsidiary or parent or affiliated companies, and its or their officers, directors, employees, and agents as intended third-party beneficiaries of this Agreement (all the foregoing shall be collectively referred to as "HOVENSA" for purposes of sections 12 though 16 of this Agreement) arising out of or in any way relating to Employee's employment by Employer, or the termination of that employment, or arising out of or related to Employee's presence (during the term of Employee's employment by Employer) at The Facility, or Employee's dealings with HOVENSA or HOVENSA's dealings with Employee, shall be resolved solely and exclusively by arbitration as provided in this Agreement.

Under this provision, not only does Gerardino agree to arbitrate her claims against HOVENSA, but also against HOVENSA's  "members, shareholders, or subsidiary or parent or affiliated companies, and its or their officers, directors, employees, and agents."

The Court does not interpret the term "agents" in isolation, because the term "agents" is juxtaposed with the terms "members," "shareholders," "subsidiary," "parent," "affiliated companies," "officers," "directors," and "employees."  The Court construes the term "agents" in conjunction with these associated words, applying the maxim of *noscitur a sciis.*  The Supreme

Court explained the application of this maxim as follows:

> It is a familiar rule in the construction of terms to apply to them the meaning naturally attaching to them from their context. *Noscitur a sociis* is a rule of construction applicable to all written instruments. Where any particular word is obscure, or of doubtful meaning, taken by itself, its obscurity or doubt may be removed by reference to associated words; and the meaning of a term may be enlarged or restrained by reference to the object of the whole clause in which it is used.

Wharton v. Wise, 153 U.S. 155, 169 (1894).

The term "agents" is ambiguous in that, when considered in isolation, it is unclear whether it encompasses any and all of HOVENSA's agents or just those who were acting in the scope of the agency relationship with regard to the tortious conduct. However, this ambiguity is clarified by reference to the words associated with "agents."

Gerardino has agreed to arbitrate her disputes with HOVENSA's members, shareholders, subsidiaries, parents, and affiliated companies, as well as any officers, directors, and employees, without limitation. The object of the whole clause is to require Gerardino to arbitrate her disputes not only with HOVENSA, but also her disputes with all of HOVENSA's related entities and individuals. Construing the term "agents" broadly as incorporating all of HOVENSA's agents, without restriction, not only correlates with the unconditional nature of the other terms, but also furthers the provision's objective of requiring Gerardino to arbitrate her disputes with all entities and individuals related to HOVENSA.

The Court interprets the arbitration provision as requiring Gerardino to arbitrate her dispute with TPVI, because TPVI is an agent of HOVENSA. Therefore, the Court does not reach the question of whether or not TPVI was acting as HOVENSA's agent when the tortious

3

conduct occurred.

For the foregoing reasons, it is hereby

**ORDERED** that the Motion for Reconsideration of Order Compelling Arbitration filed

by Plaintiff Tere Ann Gerardino is **DENIED**.

ENTER:


DATE:          June 2, 2009                    _____/s/_____
                                               RAYMOND L. FINCH
                                               SENIOR DISTRICT JUDGE